IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2019 SEP 11 P 3:57
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CR. NO. 2:19cr365-MHT-WC |
| | ) [18 U.S.C. § 922(g)(1); |
| RONTRAVIOUS DONAIL GASTON | ) 18 U.S.C. § 1951(a)] |
| | ) |
| | ) INDICTMENT |

The Grand Jury charges:

COUNT 1
(Possession of a firearm by a convicted felon)

On or about May 9, 2018, in Montgomery County, within the Middle District of Alabama, the defendant,

RONTRAVIOUS DONAIL GASTON,

knowing he had previously been convicted of a crime punishable by imprisonment for a term in excess of one year, did knowingly possess a firearm and ammunition, in and affecting interstate and foreign commerce, to wit: a Taurus PT 111 G2, 9mm pistol, and ammunition, better descriptions of which are unknown, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT 2
(Interference with commerce by threats or violence)

On or about November 23, 2018, in Montgomery County, within the Middle District of Alabama, the defendant,

RONTRAVIOUS DONAIL GASTON,

did unlawfully obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, or the movement of articles and commodities in such commerce, by robbery, in that the defendant did unlawfully take and obtain property, to wit: United States Currency, belonging to the CVS Pharmacy located at 1525 Forest Avenue, Montgomery, AL

36106, in the presence of an employee, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future. In violation of Title 18, United States Code, Section 1951(a).

## COUNT 3
(Interference with commerce by threats or violence)

On or about November 23, 2018, in Montgomery County, within the Middle District of Alabama, the defendant,

**RONTRAVIOUS DONAIL GASTON,**

did unlawfully obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, or the movement of articles and commodities in such commerce, by robbery, in that the defendant did unlawfully take and obtain property, to wit: United States Currency, belonging to the Marathon station located at 2090 Coliseum Boulevard, Montgomery, AL 36110, in the presence of an employee, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future. In violation of Title 18, United States Code, Section 1951(a).

## COUNT 4
(Interference with commerce by threats or violence)

On or about November 25, 2018, in Montgomery County, within the Middle District of Alabama, the defendant,

**RONTRAVIOUS DONAIL GASTON,**

did unlawfully obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, or the movement of articles and commodities in such commerce, by robbery, in that the defendant did unlawfully take and obtain property, to wit: United States Currency, belonging to the Marathon station located at 2090 Coliseum Boulevard, Montgomery, AL 36110, in the presence of an employee, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future. In violation of Title 18,

United States Code, Section 1951(a).

## FORFEITURE ALLEGATION-1

A. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

B. Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(g)(1) set forth in Count 1 of this Indictment, the defendant,

**RONTRAVIOUS DONAIL GASTON,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses in violation of Title 18, United States Code, Section 922(g)(1). The property includes, but is not limited to, a Taurus PT111G2 9mm pistol and live ammunition.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION-2

A.   The allegations contained in Counts 2, 3 and 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

B.   Upon conviction of the offenses in violation of Title 18, United States Code, Section 1951, set forth in Counts 2, 3, and 4 of the Indictment, the defendant,

RONTRAVIOUS DONAIL GASTON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all proceeds obtained, directly or indirectly, from the offenses in violation of Title 18, United States Code, Section 1951(a). The property includes, but is not limited to, a Forfeiture Money Judgment in the amount of $16,342.72, more or less.

C.   If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

   (1)   cannot be located upon the exercise of due diligence;
   (2)   has been transferred or sold to, or deposited with, a third party;
   (3)   has been placed beyond the jurisdiction of the court;
   (4)   has been substantially diminished in value; or
   (5)   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Robert K. Nichols, III
Assistant United States Attorney

_____
R. Randolph Neeley
Assistant United States Attorney