IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:19cr365-MHT |
| | ) | (WO) |
| RONTRAVIOUS DONAIL GASTON | ) | |

ORDER

This cause is before the court on defendant Rontravious Donail Gaston's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for October 19, 2020, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

>  defendant has appeared before a judicial officer
>  of the court in which such charge is pending,
>  whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."    § 3161(h)(7)(A).    In  granting  such  a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely  to  ...  result  in  a  miscarriage  of  justice," § 3161(h)(7)(B)(i),  or  "would  deny  counsel  for  the defendant  or  the  attorney  for  the  Government  the reasonable  time  necessary  for  effective  preparation, taking  into  account  the  exercise  of  due  diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Gaston in a speedy trial. Gaston's  counsel  represents  that  the  parties  are  in

2

**negotiations to resolve this case without trial and that Gaston believes it is in his best interest to continue this matter to allow additional time for those negotiations. Counsel also indicates that the current schedule would not allow the attorney for the government sufficient time to conclude those negotiations because of concurrent responsibilities on another matter. There is no indication of a lack of due diligence on the part of either defense counsel or the attorney for the government. In addition, the government does not oppose the requested trial continuance. The court finds that a continuance of the trial is necessary in order to allow sufficient time for the parties to continue negotiating a potential resolution to this matter.**

**\*\*\***

**Accordingly, it is ORDERED as follows:**

**(1) Defendant Rontravious Donail Gaston's unopposed motion to continue trial (doc. no. 20) is granted.**

(2) The jury selection and trial, now set for October 19, 2020, are reset for the term of court beginning on December 7, 2020, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the December trial term.

DONE, this the 22nd day of September, 2020.

                                 /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**