IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
        v.                  )       2:19cr365-MHT
                            )          (WO)
RONTRAVIOUS DONAIL GASTON   )
```

ORDER

Having received the presentence report specified in 18 U.S.C. § 3552(a), the court requires additional information before determining the sentence that should be imposed in this case.  In such circumstances, 18 U.S.C. § 3552(b) permits a sentencing court to order a "study of the defendant" by a qualified consultant addressing matters specified by the court that are "pertinent to the factors set forth in section 3553(a)," which in turn describes the factors to be considered in imposing a sentence.  18 U.S.C. § 3552(b); *see also id.* § 3553(a). Furthermore, when the court requires information regarding the "mental condition of the defendant," it may order a psychiatric or psychological evaluation to obtain this information.  *Id.* § 3552(c).  Such an evaluation

should include: "(1) the person's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and ... any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence." *Id.* § 4247(c).

In this case, the court requires additional information about defendant Rontravious Donail Gaston's mental condition, including his mental-health needs, substance use, and the history of each of these. This should be a comprehensive mental-health evaluation addressing all aspects of the defendant's mental condition and any substance-use disorders he may have. As part of this evaluation, the court also specifically requires information regarding the defendant's adverse childhood experiences (ACEs) and whether ACEs contributed to any present mental-health needs, substance-use

disorders, or learning disabilities. Accordingly, the court will order that a comprehensive evaluation of all of the above be conducted locally by Dr. Margaret Flanagan, Ph.D., of Atlanta, Georgia.

To determine the sentence appropriate to a particular defendant, 18 U.S.C. § 3553(a) requires a court to consider the factors set forth in that statutory section. Regarding ACEs in particular, the court has previously found that the effect of ACEs on a defendant's relevant substance use or other criminal conduct goes "squarely to the application of § 3553(a)(1), which commands a sentencing court to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *United States v. Carter*, -- F. Supp. 3d ---, 2020 WL 7312182, at *6 (M.D. Ala. Dec. 11, 2020) (quoting 18 U.S.C. § 3553(a)(1)). Inquiry into these issues is also "appropriate under § 3553(a)(5)," which refers to any pertinent policy statements of the United States Sentencing Commission,

3

because the Commission "has explained in a policy statement that '[m]ental and emotional conditions' that are 'present to an unusual degree' are mitigating factors in determining a defendant's sentence." *Id.* (quoting U.S.S.G. § 5H1.3).

This information may also be relevant to § 3553(a)(2)(B) and (C), subsections requiring consideration of the need for the sentence to afford adequate deterrence to criminal conduct and to protect the public from further crimes, because a sentence that does not address a defendant's substance-use disorders or the ongoing effects of ACEs may do little to deter or prevent subsequent criminal activity if the defendant's conduct is driven by substance abuse or other sequelae of childhood trauma. *See id.* at *7. And finally, an evaluation of the defendant's particular treatment needs and the underlying causes of such individual's mental condition, including an assessment of how ACEs may affect the defendant's mental-health status, may be necessary

**4**

for the court to consider how it can provide the defendant "with critical care and treatment in the most effective manner," as instructed by § 3553(a)(2)(D). *Id.* Dr. Flanagan should consider all of these factors in making the recommendations included in her report.

***

Accordingly, pursuant to 18 U.S.C. § 3552(b) and (c), it is ORDERED that:

(1) A comprehensive mental-health evaluation of the above-named defendant shall be conducted locally by Dr. Margaret Flanagan.   This evaluation should address the four requirements of 18 U.S.C. § 4247(c): the defendant's "history and present symptoms," a description of "the psychiatric, psychological, and medical tests that were employed and their results," Dr. Flanagan's "findings," and her "opinions as to diagnosis, prognosis, and ... any recommendation [she] may have as to how the mental condition of the defendant should affect the sentence." As set forth above, the evaluation should include

5

specific consideration of the defendant's ACEs, his substance-use disorders and whether ACEs contributed to the development of those disorders or otherwise contributed to the conduct charged in this case, and any learning disabilities he may have. Dr. Flanagan should also provide specific recommendations for appropriate treatment and other supportive services, both during incarceration and while on supervised release, to address any problems identified by the evaluation and help the defendant become a productive and law-abiding citizen.

(2) The U.S. Probation Office shall provide a copy of this order and the defendant's presentence investigation report to Dr. Flanagan, and shall provide other documents regarding the defendant to Dr. Flanagan upon request. The U.S. Probation Office shall inform Dr. Flanagan how to arrange for the evaluation of the defendant, and, if she faces difficulty in making such arrangements, shall facilitate arrangements for the evaluation.

6

(3) Dr. Flanagan shall provide a report of the evaluation to the U.S. Probation Office on or before April 2, 2021, for filing with the court under seal. If Dr. Flanagan requires additional time, she should make a written request to the court through the U.S. Probation Office.

(4) Upon completion of the evaluation, Dr. Flanagan shall submit her bill to the U.S. Probation Office for processing.

(5) The in-person sentencing in this case is continued pending the filing of Dr. Flanagan's report.

DONE, this the 11th day of March, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

7